### PAINE v. ELECTRICAL RESEARCH PRODUCTS, Inc.

District Court, S. D. New York.

Oct. 30, 1939.

See, also, 27 F.Supp. 780.

Gilbert & Gilbert, of New York City (A. S. Gilbert, Francis Gilbert, and Godfrey Cohen, all of New York City, of counsel), for plaintiff.

T. Brooke Price and Homer H. Breland, both of New York City (Homer H. Breland and T. Brooke Price, both of New York City, and Edward A. Sargoy, of New Rochelle, N. Y., of counsel), for defendant Electrical Research Products, Inc.

Julian T. Abeles and Herman Finkelstein, both of New York City, for defendants Metro-Goldwyn-Mayer, Corporation, Twentieth Century Fox Film Corporation, Columbia Pictures Corporation, and Universal Pictures Company, Inc., and United Artists Corporation.

KNOX, District Judge.

In any country in which a musical composition may be copyrighted, and the proprietor of the copyright is entitled to the protection of that country's law, I do not believe, in the absence of proof, it can be presumed that a particular composition is within the public domain. For this reason, I think the plaintiff herein has the burden of proving that such musical compositions on which he seeks recovery are, in fact, in the public domain of the foreign countries in which defendant or its licensees made use of them.

As I understand the situation between the parties, the defendant has accumulated much information as to whether particular compositions are or are not

within the public domain abroad, and this information has been furnished the plaintiff. If, as a result of the information so acquired, defendant and its licensees have proceeded upon the assumption that certain compositions are in the public domain abroad, and if no claim of copyright of infringement, as respects such compositions, has been made against defendant or its licensees, plaintiff may properly offer this evidence in support of his claim. And that seems to have been the procedure that was followed when he called Margaret M. Arndt as one of his witnesses in hearings had before the Master.

There is no reason why this procedure should not continue until the defendant's knowledge concerning the subject matter is exhausted. If, when that knowledge is exhausted, there remain compositions as to the status of which neither party can supply any proof, no recovery on such compositions can be had.